## HUBBARD v. RICHARDSON.

(Supreme Court, Appellate Division, Second Department. June 7, 1898.)

FRAUDULENT REPRESENTATIONS—ORDER OF ARREST.

> In an action to recover damages for fraudulent representations by which the plaintiff was induced to enter into partnership with the defendant as insurance brokers, the complaint and affidavits upon which an order of arrest was granted showed that defendant gave plaintiff a detailed statement of the business, showing names, premiums, and commissions, and charged that as to a specified part it was false, and that as to accounts amounting to $12,000 defendant had assigned them to a broker, and agreed not to apply for a continuance. The complaint alleged damage to the plaintiff in $5,000. *Held*, that the papers furnished sufficient proof of damage to sustain the order of arrest.

Appeal from special term.

Action by Norman Hubbard, Jr., against William K. Richardson. From an order of the special term vacating an order of arrest, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

John M. Perry, for appellant.
George A. Baker, for respondent.

CULLEN, J.      This action is brought to recover damages for fraudulent representations by which the plaintiff was induced to enter into partnership with the defendant as insurance brokers.      The representation alleged is that the defendant had at the time an insurance business of $65,575 a year, upon which his commissions or profits were the sum of $9,836.25.      The affidavits and complaint show that the defendant gave the plaintiff a detailed statement of the business, setting forth the names of the parties whom he had procured and insured, the gross amount of the premiums, and the amount of the defendant's commissions.      It is charged that of the business or custom thus stated, as to part of it, amounting in premiums to $5,000, the defendant did not have the business at all; that as to accounts amounting in premiums to $12,525, the defendant had assigned the accounts of his patrons to another broker, and agreed not to apply for a continuance of their custom or business; and that as to business amounting to $11,000 in premiums, the defendant subsequently agreed with his customer to return to him 10 per cent. out of the 15 per cent. allowed as commissions by the insurance companies. An order of arrest was granted in the action, and the defendant held to bail.      He thereupon moved, upon the plaintiff's papers alone, to vacate the order of arrest, and from the order granting such application this appeal is taken.

It is not contended that this action cannot be maintained, and I know of no reason or principle why it should not lie.      The substantial ground of the defendant's application, and that on which the decision of the special term proceeded, was that the plaintiff showed no damage.      The complaint alleges damage to the plaintiff in the sum of $5,000.      This was sufficient as a matter of pleading, but to obtain the order of arrest plaintiff was bound to go further, and to produce to the court reasonable proof of the fact.      But I think he has done so as to the first two items of damage.      True, it does not necessarily follow that the defendant could have taken into the partnership all the business he individually possessed at the time the partnership was formed.      But it is equally true that there was no probability that the firm would obtain business that the defendant either never had or had parted with and agreed not to solicit in the future.      The jury on the trial may well find that, if defendant's representation had been true, this business would have been enjoyed by the firm.      Wakeman v. Manufacturing Co., 101 N. Y. 205, 4 N. E. 264.      The point that the amount of the business of the firm is not given, and that it may have been more profitable than the parties had reason to expect, is not a valid answer to the plaintiff's claim.      Even if such were the case, still if it should be found that the business of the firm would have been greater if the false statement of the defendant had been true, the defendant would not be relieved from liability, but the plaintiff would be entitled to recover his damage.      Both the return of the 10 per cent. of $11,000 in premiums and the agreement for its return were made subsequent to the formation of the partner-

ship.   Any liability of the defendant on account of this transaction must, therefore, be litigated in the action to settle the partnership affairs, and not in the action now before us.    However, the amount in which the order of arrest directed the defendant to be held to bail is not more than sufficient to indemnify the plaintiff for his damage on account of the two items previously discussed.

The order appealed from should be reversed, with $10 costs and disbursements, and motion denied, with $10 costs.   All concur.